CRAIN
vs.
BAILLO.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

---

## CRAIN vs. BAILLO.

**APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.**

In a suit to recover compensation for improvements put on property sold under a mortgaged claim of another person, proof of the increased value of the property by such improvement must be given, to authorize a recovery. This proof may be procured by calling in the purchaser of the premises at the sheriff's sale.

The act of 1831, page 102, annexing a penalty in damages on the dissolution of an injunction, does not apply to injunctions obtained before its passage. A statute cannot inflict a penalty for an act committed anterior to its promulgation.

The plaintiff had purchased a lot of ground in the town of Alexandria, of one Wm. Shipp, who had purchased it from R. W. Kay. The latter, before these sales, had mortgaged it to the heirs of James H. Gordon, to secure the payment of a debt. The heirs of Gordon obtained an order of seizure and sale on their mortgage against this lot after it came to the possession of the plaintiff. He obtained an injunction against the defendant, as syndic of Gordon's succession, to stay proceedings. In the mean time Crain went on and improved the lot. It was ultimately made liable to the mortgage and sold.

WESTERN DIS.
October, 1832.

CRAIN
vs.
BAILLO.

The plaintiff now sues the defendant, as the representative of Gordon's estate, for the value of his improvements put on the lot before it was sold, and while in his possession. He avers he held the lot in good faith and under a title translative of property. He prays that the sheriff be prohibited from paying over the money arising under the sale, until the increased value of the lot, caused by his improvements, be ascertained and allowed him.

The defendants plead the general issue, alleging that the plaintiff's claim was unfounded, &c.

There was judgement dissolving the injunction, with ten per centum interest on seven hundred and forty dollars, and seventy-four dollars in damages, in favor of the defendant. The plaintiff appealed.

This cause was submitted without argument.

PORTER, J., delivered the opinion of the court.

This is an action by which the third possessor of mortgaged property demands that he be paid out of the proceeds of a sale made at the instance of the mortgage creditor, the value of certain improvements which he alleges he placed on the premises after they came into his possession.

*In a suit to recover compensation for improvements put on property sold under a mortgaged claim of another person, proof of the increased value of the property by such improvement, must be given, to authorize a recovery. This proof may be procured by calling in the purchaser of*

The general issue was pleaded; and after hearing the parties, the court of the first instance gave judgement against the plaintiff, dissolved the injunction, and assessed the defendant's damages at seventy-four dollars.

If we take the value of the property from the testimony and not from the sale, it was worth one thousand three hundred dollars, or one thousand four hundred dollars, independent of the improvements put on it by the plaintiff; they are proved to have cost, a few years since, from two hundred dollars to three hundred dollars. The whole only brought seven hundred and forty dollars at public auction. There is no proof what increased value the improvements put on by the petitioner, gave to the whole; but a presumption is only raised, and that is not sufficient to enable us to reverse the judgement

below. When property is sold at a sacrifice, as this appears to be, it is well known that a little more or less improvement often affects in a small degree the price. The plaintiff could have placed this matter beyond doubt by calling in the purchaser at the sheriff's sale.

But the judgement is erroneous in assessing damages in favor of the defendant under the act of 1831, page 102. The injunction was applied for and obtained previous to the passage of the law, and a statute cannot inflict a penalty for an act committed anterior to its promulgation.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, and reversed; and it is further ordered, that there be judgement in favor of the defendant, that the injunction issued in this case be dissolved; the plaintiff paying costs in the court of the first instance, the defendant those of appeal.

*Rigg*, for plaintiff. *Flint*, for defendant.